UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONALD BAUGHN,

        Plaintiff,

   v.

JOHNSON & JOHNSON, et al.,

        Defendants.

CASE NO. C15-5283 BHS

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND

      This matter comes before the Court on Defendants Johnson & Johnson, Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., and McKesson Corporation's ("Defendants") motion to dismiss (Dkt. 23). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion and grants leave to amend for the reasons stated herein.

**I. PROCEDURAL HISTORY**

      On April 1, 2015, Plaintiff Ronald Baughn ("Baughn") filed suit against Defendants. Dkt. 1. On June 5, 2015, Baughn filed an amended complaint. Dkt. 20 ("Comp."). Baughn asserts three claims: (1) product liability under the Washington Product Liability Act ("WLPA"), RCW 7.72 *et seq.*; (2) fraud; and (3) fraudulent

1  concealment. *Id.* ¶¶ 65–130. Baughn seeks compensatory, consequential, and punitive

2  damages. *Id.* ¶¶ 100, 130–39. Baughn alleges that the Court has diversity jurisdiction

3  under 28 U.S.C. § 1332. *Id.* ¶ 25.

4        On June 11, 2015, Defendants moved to dismiss under Federal Rules of Civil

5  Procedure 12(b)(6) and 9(b). Dkt. 23. On July 6, 2015, Baughn responded. Dkt. 28. On

6  July 10, 2015, Defendants replied. Dkt. 29.

## II. FACTUAL BACKGROUND

8        On January 14, 2010, Baughn sought treatment for an ear infection at a medical

9  facility in Puyallup, Washington. Comp. ¶¶ 29, 117. Baughn's physician prescribed him

10 Levaquin in pill form. *Id.* Levaquin is "a broad-spectrum floroquinolone antibiotic used

11 to treat lung, sinus, skin, and urinary tract infections caused by . . . bacteria." *Id.* ¶ 32.

12 The Food and Drug Administration ("FDA") approved Levaquin for use in 1996. *Id.*

13 ¶ 31. Baughn took the prescribed amount of Levaquin for approximately seven days. *Id.*

14 ¶ 117. After taking Levaquin, Baughn suffered pain in his left arm, throat, muscles, feet,

15 toes, back, and rib cage. *Id.* ¶ 118. Baughn also had difficulty walking and controlling

16 his muscles. *Id.*

## III. DISCUSSION

18       Defendants move to dismiss Baughn's request for punitive damages, as well as

19 Baughn's claims for fraud and fraudulent concealment. Dkt. 23.

20 **A.  Punitive Damages**

21       Defendants move to dismiss Baughn's request for punitive damages under Rule

22 12(b)(6). *Id.* Motions to dismiss brought under Rule 12(b)(6) may be based on either the

lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Twombly*, 127 S. Ct. at 1965. A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

Defendants argue that Baughn's request for punitive damages is barred under Washington law. Dkt. 23 at 3. In Washington, punitive damages are not permitted unless expressly authorized by statute. *Dailey v. N. Coast Life Ins. Co.*, 129 Wn.2d 572, 575 (1996). The WPLA does not authorize recovery of punitive damages. *See* RCW 7.72 *et seq.*; *Laisure-Radke v. PAR Pharmaceutical, Inc.*, 426 F. Supp. 2d 1163, 1174 (W.D. Wash. 2006). Similarly, "Washington has no statute which authorizes exemplary damages for fraud." *Kammerer v. W. Gear Corp.*, 27 Wn. App. 512, 522 (1980), *overruled on other grounds by Barr v. Interbay Citizens Bank of Tampa*, 96 Wn.2d 692, 699–700 (1981).

Baughn concedes that Washington law precludes the recovery of punitive damages unless statutorily authorized. Dkt. 28 at 5. Baughn, however, contends that he may recover punitive damages under the New Jersey Product Liability Act, N.J. Stat. § 2A:58C-5(c). *Id.* at 4–6. In response, Defendants argue that Baughn expressly brings his products liability claim under Washington law, and thus may not obtain punitive

damages under New Jersey law. Dkt. 29 at 3. While Washington law governs the analysis of product liability, the law governing the availability of punitive damages is a separate issue. *See Brewer v. Dodson Aviation*, 447 F. Supp. 2d 1166, 1175 (W.D. Wash. 2006) ("A court may be required to apply the law of one forum to one issue while applying the law of different forum to another issue in the same case." (internal quotation marks omitted)); *Williams v. State*, 76 Wn. App. 237, 241 (1994) ("[C]hoice-of-law depends upon which of two or more jurisdictions has the 'most significant relationship' to a specific issue."). Accordingly, the Court will determine whether Washington or New Jersey law governs Baughn's request for punitive damages.

"Federal courts sitting in diversity must apply 'the forum state's choice of law rules to determine the controlling substantive law.'" *Fields v. Legacy Health Sys.*, 413 F.3d 943, 950 (9th Cir. 2005) (quoting *Patton v. Cox*, 276 F.3d 493, 495 (9th Cir. 2002)). Under Washington's choice of law rules, local law applies unless there is "an actual conflict between the laws or interests of Washington and the laws or interests of another state." *Seizer v. Sessions*, 132 Wn.2d 642, 648 (1997). An "actual conflict" exists if the application of another state's law would produce a different result on a particular legal issue. *Erwin v. Cotter Health Ctrs.*, 161 Wn.2d 676, 692 (2007). If an actual conflict exists, the Court applies the "most significant relationship" test to determine which state's law applies. *Johnson v. Spider Staging Corp.*, 87 Wn.2d 577, 580 (1976). As the party seeking application of another state's law, Baughn bears the burden of demonstrating that a conflict exists. *See Burnside v. Simpson Paper Co.*, 123 Wn.2d 93, 100 (1994).

1       In this case, an actual conflict does not exist between the laws of Washington and New Jersey with regard to Baughn's request for punitive damages. As discussed above, Washington does not permit punitive damages unless expressly authorized. *Dailey*, 129 Wn.2d at 575. Under New Jersey law, punitive damages are generally prohibited in product liability actions involving FDA-approved drugs, such as Levaquin. N.J. Stat. § 2A:58C-5(c); *see also Rowe v. Hoffman-La Roche, Inc.*, 189 N.J. 615, 626 (2007) ("FDA approval of prescription drugs conclusively prohibits an award of punitive damages in products liability actions."). A limited exception exists where the product manufacturer knowingly withheld or misrepresented information that was required to be submitted to the FDA. N.J. Stat. § 2A:58C-5(c). Baughn, however, has not alleged facts that would trigger this exception. Moreover, New Jersey courts have held that this exception is preempted by federal law. *McDarby v. Merck & Co.*, 401 N.J. Super. 10, 87–94 (2008); *see also Cornett v. Johnson & Johnson*, 414 N.J. Super. 365, 405 (2010), *aff'd in part and modified in part on other grounds*, 211 N.J. 362 (2012). Thus, the application of New Jersey law to the issue of punitive damages would not produce a different result in this case.

      Because an actual conflict does not exist, Washington law applies to Baughn's request for punitive damages. Neither the WLPA nor any other Washington statute expressly authorizes punitive damages in this case. Accordingly, the Court grants Defendants' motion and dismisses Baughn's request for punitive damages.

## B.  Fraud and Fraudulent Concealment

Defendants also move to dismiss Baughn's claims for fraud and fraudulent concealment under Rule 9(b).  Dkt. 23.  Rule 9(b) requires a plaintiff alleging fraud to "state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  "Rule 9(b)'s particularity requirement applies to state-law causes of action."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003).  An allegation of fraud is sufficient under Rule 9(b) if it "identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations."  *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) (internal citations and quotations omitted).  Put another way, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."  *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).  "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme."  *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (internal quotation marks omitted).

Baughn's allegations of fraud and fraudulent concealment do not satisfy Rule 9(b)'s heightened pleadings standard.  Baughn asserts that Defendants misrepresented the safety and effectiveness of Levaquin by concealing the drug's side effects.  Comp. ¶¶ 112–13, 125.  Baughn alleges that the "warning label for Levaquin during the period from September 2004 through August 2013 misled [him] and his treating physician by incorrectly advising . . . that peripheral neuropathy associated with Levaquin was 'rare' and . . . could be avoided by discontinuing the drug upon the onset of certain symptoms."

*Id.* ¶ 42. Baughn, however, fails to specifically identify the content of the misrepresentations, when and where the misrepresentations were made, when and where the misrepresentations were relied upon, and to whom the misrepresentations were made. *See Miscellaneous Serv. Workers, Drivers & Helpers v. Philco-Ford Corp.*, 661 F.2d 776, 782 (9th Cir. 1981) ("[T]he pleader must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation.").

Baughn also fails to specify the role of each defendant in the alleged misrepresentations. Instead, Baughn groups Defendants together without identifying the particular acts or omissions that each defendant committed. *See, e.g.*, Comp. ¶ 112 ("Defendants misrepresented to [Baughn], his prescribing physicians, and the healthcare industry the safety and effectiveness of Levaquin . . . ."); *id.* ¶ 114 ("These misrepresentations and/or active concealment alleged were perpetuated directly and/or indirectly by Defendants.").

For these reasons, the Court grants Defendants' motion and dismisses Baughn's claims for fraud and fraudulent concealment.

**C.   Leave to Amend**

Leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that

the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

The Court finds that Baughn's request for punitive damages cannot be cured by amendment. However, it appears possible that Baughn could cure the defects in his fraud and fraudulent concealment claims by providing more specific factual allegations. The Court grants Baughn leave to amend his fraud and fraudulent concealment claims.

### IV. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss (Dkt. 23) is **GRANTED**. Baughn is **GRANTED leave to amend** his complaint as stated herein. Baughn shall file an amended complaint no later than August 28, 2015.

Dated this 12th day of August, 2015.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge